# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| DANIEL SHIRLEY,<br><br>*Plaintiff*,<br><br>v.<br><br>MULBERRY PROPERTIES LLC, *et al.*,<br><br>*Defendants*. | CIVIL ACTION NO.<br>5:25-cv-00450-TES |

## ORDER TO RECAST COMPLAINT

In his Complaint [Doc. 1], pro se Plaintiff Daniel Shirley asserts a discrimination claim under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e–2000e-17. [Doc. 1, ¶ 1].

### A.    Plaintiff's IFP Motion

Contemporaneously with his Complaint, Plaintiff filed a Motion for Leave to Proceed *In Forma Pauperis* ("IFP") [Doc. 2]. Authority for granting permission to file a lawsuit without prepayment of fees and costs is found in 28 U.S.C. § 1915, which provides as follows:

> [Generally], any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of

all assets such prisoner possesses[1] that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.

28 U.S.C. § 1915(a)(1). An application is sufficient to warrant a waiver of filing fees if it "represents that the litigant, because of his poverty, is unable to pay for the court fees and costs, and to support and provide necessities for himself and his dependents." *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1307 (11th Cir. 2004). After review of Plaintiff's monthly income and expenses, the Court **GRANTS** his IFP Motion [Doc. 2].

B.  **Legal Standards**

Since Plaintiff is proceeding *in forma paurperis*, 28 U.S.C. § 1915(e) requires the Court to review his Complaint to determine whether it is frivolous or malicious or fails to state a claim for which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(i)–(ii). The proper contours of the term "frivolous," have been defined by the Supreme Court to encompass complaints that, despite their factual allegations and legal conclusions, lack an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). These types of complaints are subject to sua sponte dismissal by a district court. *Id.* at 324 (noting that dismissals under § 1915(e) "are often made sua sponte prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints[]").

---

[1] "Despite the statute's use of the phrase 'prisoner possesses,' the affidavit requirement applies to all persons requesting leave to proceed [*in forma pauperis*]." *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306 n.1 (11th Cir. 2004).

More specifically, to survive this initial screening, a claim must contain "sufficient factual matter, accepted as true, to state a claim that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Federal Rule of Civil Procedure 12(b)(6) "authorizes a court to dismiss a claim on the basis of a dispositive issue of law." *Neitzke*, 490 U.S. at 326 (citing *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)). Such dismissal procedure—operating on the assumption that the factual allegations in the complaint are true—streamlines litigation by dispensing with unnecessary discovery and factfinding. *Id.* "Nothing in Rule 12(b)(6) confines its sweep to claims of law which are obviously unsupportable." *Id.* at 327. To the contrary, if it is clear, as a matter of law, that no relief could be granted under "any set of facts that could be proven with the allegations," a claim must be dismissed. *Id.* (quoting *Hishon*, 467 U.S. at 73).

Frivolity review under § 1915(e), on the other hand, has a separate function. Section 1915(e) is designed to discourage the filing of—and waste of judicial and private resources upon—baseless lawsuits that paying litigants generally do not initiate due to filing costs and the potential threat of sanctions associated with filing such a lawsuit. *Id.* "To this end, the statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of [a] complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Id.* Even though Rule 12 and § 1915(e) both counsel dismissal and share "considerable common ground" with each other, one dismissal standard does not

3

invariably encompass the other. *Id.* at 328. "When a complaint raises an arguable question of law which the district court ultimately finds is correctly resolved against [a] plaintiff, dismissal on Rule 12(b)(6) grounds is appropriate, but dismissal on the basis of frivolousness is not." *Id.*

C. **Plaintiff's Complaint**

Complaints filed by pro se parties are construed liberally, and their allegations are held to a less stringent standard than formal pleadings drafted by lawyers. *Hughes v. Lott*, 350 F.3d 1157, 1160 (11th Cir. 2003). Even construed liberally, though, Plaintiff's Complaint is not sufficient. According to Plaintiff's Complaint—filed on October 15, 2025—he was employed by Defendant Mulberry Properties, LLC from July 2023 to February 10, 2025. [Doc. 1, ¶¶ 4, 11]. Throughout that time, Plaintiff claims "management and certain residents" subjected him and his wife "to racially hostile conduct and disparate treatment." [*Id.* at ¶ 13]. Plaintiff reported this treatment, but "Defendants failed to correct the problems." [*Id.* ¶ 14]. Defendants, instead, cut his hours by five hours per week. [*Id.* at ¶ 15].

Defendants also allegedly created unsafe work conditions, and "further coordinated with certain residents to harass and intimidate Plaintiff and his family." [*Id.* at ¶¶ 15–16]. Finally, Defendants "discussed privileged, private, sensitive" information about Plaintiff with others. [*Id.* at ¶ 17]. These actions culminated in Plaintiff's termination on February 10, 2025. [*Id.* at ¶ 18]. Via his Complaint, Plaintiff names

Mulberry Properties, LLC, as well as two individuals affiliated with Mulberry Properties, LLC as defendants. [Doc. 1, p. 1]. Those individuals are part-owner Pat Kilpatrick and Property Manager of Winslow Place Apartments Teresia Crews. [*Id.*].

However, the Court notes that Title VII does not allow for individual liability. *Dearth v. Collins*, 441 F.3d 931, 933 (11th Cir. 2006) (relief under Title VII is available against only the employer and not against individual employees); *Busby v. City of Orlando*, 931 F.2d 764, 772 (11th Cir. 1991) (individual capacity suits under Title VII are inappropriate; relief is to be found from the employer). Therefore, "the proper method for a plaintiff to recover under Title VII is by suing the employer, either by naming the supervisory employees as agents of the employer or by *naming the employer directly*." *Busby*, 931 F.2d at 772 (emphasis added); *see also Prescott v. Indep. Life and Accident Ins. Co.*, 878 F. Supp. 1545, 1552 (M.D. Ala. 1995) ("[A] suit under Title VII brought against an employee as agent of the employer is regarded as a suit against the employer itself.") (citing *Busby*, 931 F.2d at 772).

Here, Plaintiff has directly named his former employer, Mulberry Properties, LLC, in the caption of his Complaint. [Doc. 1, p. 1]. Therefore, the Court **DISMISSES** Plaintiff's discrimination claims under Title VII that are brought against Defendants Pat Kilpatrick and Teresia Crews **with prejudice**. Defendant Mulberry Properties, LLC, as Plaintiff's former employer, is the proper defendant for those claims.

The Court further notes that Federal Rule of Civil Procedure 8 requires a "short

5

and plain statement of the claim[.]" Fed. R. Civ. P. 8(a)(2). While short, Plaintiff's Complaint contains vague or conclusory allegations.[2] *See generally* [Doc. 1]; *see also Jackson v. Sampson*, No. 5:24-cv-100-MTT-AGH, 2024 WL 4265255, at *5 (M.D. Ga. Sept. 23, 2024) (citing *Jones v. Fla. Parole Comm'n*, 787 F.3d 1105, 1107 (11th Cir. 2015)). To illustrate Plaintiff's vagueness, Plaintiff failed to show who—beyond "Defendants," management," and "residents"—performed actions that gave rise to Plaintiff's claims. *See e.g.* [Doc. 1, ¶ 15]. An example of Plaintiff's conclusory allegations is Plaintiff's statement that he "and his wife were subjected to racially hostile conduct and disparate treatment by management and certain residents" without any specific instances to support that assertion. [Doc. 1, ¶ 13]. Therefore, the Court **ORDERS** Plaintiff to recast his Complaint to include specific factual allegations regarding his claims and receipt of his notice of the right to sue. Plaintiff's recast complaint is due by ***October 31, 2025***.

In drafting his recast complaint, the Court reminds Plaintiff that even as a pro se litigant he is still required to conform to the Federal Rules of Civil Procedure. *Albra*, 490 F.3d at 829 (quoting *Loren v. Sasser*, 309 F.3d 1296, 1304 (11th Cir. 2002)) ("And although we are to give liberal construction to the pleadings of pro se litigants, 'we nevertheless

---

[2] Even Plaintiff's "Administrative Prerequisites" section is not sufficiently free of vague or conclusory statements. [Doc. 1, ¶¶ 8–10]. Plaintiff adequately detailed when he filed his charge with the Equal Employment Opportunity Commission ("EEOC"), and when the EEOC issued a notice of the right to sue ("RTS"). [*Id.* at ¶¶ 8–9]. However, Plaintiff failed to specify when and how he received the EEOC's RTS. [*Id.* at ¶ 9]; *see also Miller v. Harris Ventures, Inc.*, No. 1:19-cv-170, 2019 WL 13493418, at *1 (N.D. Ga. Sept. 17, 2019) (stating that a plaintiff must file suit within 90 days of *receipt* of the RTS). Instead, Plaintiff stated he "received [the RTS] shortly thereafter," and provided the conclusory statement that the "complaint is filed within 90 days of receipt of [the RTS]." [Doc. 1, ¶¶ 9–10].

have required them to conform to procedural rules.'"). A district judge has the authority to dismiss a complaint for failure to comply with the federal rules. *See* Fed. R. Civ. P. 41(b); *Betty K Agencies, Ltd. v. M/V Monada*, 432 F.3d 1333. 1337 (11th Cir. 2005) (recognizing a district judge may dismiss a case sua sponte under either Federal Rule of Civil Procedure 41(b) or its inherent authority to manage its docket).

To aid Plaintiff in his drafting, answers to the following questions may provide some guidance. To help cure Plaintiff's vagueness regarding his notice of the right to sue:

(1) When and how did you receive the EEOC's notice of the right to sue? Please provide the Court with a copy of the email and/or envelope it came in.

Bearing in mind that individuals[3] may not be sued—that is, held liable—under Title VII, responses to the following may prove helpful to cure Plaintiff's other vague and conclusory allegations:

(2) What *specifically* occurred (or didn't occur) for you to think there has been a violation of your rights?

(3) Which of your supervisors were involved with the employment decision(s) involved in this case?

(4) What did those supervisors do (or not do) with respect to your discrimination claims in this case?

---

[3] To be clear, Plaintiff may mention various individuals by name to present his factual allegations and in telling his story to support his claims, but those individuals should not be included as named defendants in his recast complaint when it comes to his efforts to recover under Title VII.

There shall be *no service of process* in this case until the Court receives Plaintiff's recast complaint and fully conducts the required frivolity review. The Court notes that a recast complaint takes the place of and supersedes the original complaint. *Dresdner Bank AG v. M/V Olympia Voyager*, 463 F.3d 1210, 1215 (11th Cir. 2006) ("An amended pleading supersedes the former pleading; the original pleading is abandoned by the amendment[] and is no longer a part of the pleader's averments against his adversary."). Thus, the Court will look *only* to the contents of Plaintiff's recast complaint when reviewing his claims pursuant to 28 U.S.C. § 1915(e). To ensure a clear record, any documents filed along with Plaintiff's original Complaint (other than his IFP Motion) must be refiled with his recast complaint.

Finally, Plaintiff's failure to comply with this Order may result in the dismissal of this action for failure to prosecute. *See* Fed. R. Civ. P. 41(b). The Court may dismiss this action without further warning. *See* Fed. R. Civ. P. 41(b); *Brown v. Tallahassee Police Dep't*, 205 F. App'x 802, 802 (11th Cir. 2006) (per curiam) (first citing Fed. R. Civ. P. 41(b); and then citing *Lopez v. Aransas Cnty. Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978)) ("The court may dismiss an action sua sponte under Rule 41(b) for failure to prosecute or failure to obey a court order.").

Based on the foregoing, the Court **GRANTS** Plaintiff's Motion for Leave to Proceed IFP [Doc. 2] and **ORDERS** Plaintiff to recast his Complaint. Once Plaintiff files his Recast Complaint, the Court will review his pleading to determine whether it is

frivolous pursuant to 28 U.S.C. §1915(e).

**SO ORDERED**, this 17th day of October, 2025.

*S/ Tilman E. Self, III*
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**

9