IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| **DANIEL SHIRLEY,** *Plaintiff,* v. **MULBERRY PROPERTIES LLC,** *et al.,* *Defendants.* | **CIVIL ACTION NO. 5:25-cv-00450-TES** |

### ORDER OF DISMISSAL

Pro se Plaintiff Daniel Shirley commenced this civil action on October 15, 2025, by filing a complaint [Doc. 1] and moving for leave to proceed *in forma pauperis* ("IFP")—that is, without prepaying fees and costs. [Doc. 2]. The Court previously granted Plaintiff IFP status and started to conduct a frivolity review under 28 U.S.C. § 1915(e). [Doc. 3, p. 2]. As part of its frivolity review, the Court dismissed Plaintiff's claims against individual Defendants under Title VII of the Civil Rights Act of 1964 ("Title VII"), since Title VII does not apply to individuals. [Doc. 3, p. 5]; 42 U.S.C. § 2000e–2000e-17; *Dearth v. Collins*, 441 F.3d 931, 933 (11th Cir. 2006). The Court then ordered Plaintiff to recast his complaint to cure its conclusory and vague statements. [Doc. 3, p. 6]. Plaintiff did so timely [Doc. 4], so the Court now concludes its frivolity review under § 1915(e). [Doc. 3, p. 8].

As a brief review, since Plaintiff is proceeding *in forma pauperis*, § 1915(e) requires the Court to review his pleadings to determine whether they are frivolous or malicious or fail to state a claim for which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(B)(i)–(ii). The proper contours of the term "frivolous," have been defined by the Supreme Court to encompass complaints that, despite their factual allegations and legal conclusions, lack an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). These types of complaints are subject to sua sponte dismissal by a district court. *Id.* at 324 (noting that dismissals under § 1915(e) "are often made sua sponte prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints"). Cases that are not timely filed fail to state a claim upon which relief could be granted under § 1915(e)(2)(B). *See Abram-Adams v. Citigroup, Inc.*, 491 F. App'x 972, 974 (11th Cir. 2012); *Hammonds v. Mark Shellnut, LLC*, 399 F. App'x 540, 540 (11th Cir. 2010).

In his Amended Complaint, Plaintiff brings the following claims. Plaintiff brings Counts I and II under Title VII. [Doc. 4, p. 9]. Count III is an "Intentional Employment

Discrimination" claim under the "Civil Rights Act of 1991 (42 U.S.C. § 1981(a))."[1] [*Id.*]. Count IV is a conspiracy claim under 42 U.S.C. § 1985. [Doc. 4, p. 9]. Plaintiff alleges a failure to ensure a safe work environment in Count V under the Occupational Safety and Health Act ("OSHA"). [*Id.* at pp. 9–10]; 29 U.S.C. §§ 651 *et seq.* Count VI is also an OSHA claim. [Doc. 4, p. 10]. Count VII is a retaliation claim under the Fair Labor Standards Act ("FLSA"). [*Id.*]; 29 U.S.C. §§ 201 *et seq.* Finally, Count VIII is claim under the Fair Housing Act ("FHA"). [Doc. 4, p. 10]; 42 U.S.C. §§ 3601 *et seq.*

1. **Plaintiff's Title VII Claims: Counts I, II, and III**

Here, Plaintiff's Title VII claims are time-barred, and therefore fail to state a claim upon which relief could be granted. Plaintiff's suit arises, in part, under Title VII of the Civil Rights Act of 1964. [Doc. 4, pp. 9–10]. To bring a lawsuit under Title VII, an employee must first exhaust all administrative remedies. *Wilkerson v. Grinnell Corp.*, 270 F.3d 1314, 1317 (11th Cir. 2001). This includes filing "an Equal Employment Opportunity Commission ('EEOC') complaint against the discriminating party and receiv[ing] statutory notice from the EEOC of [his] right to sue the respondent named in

---

[1] Since Plaintiff's Count III is for "Intentional Employment Discrimination[,]" the Court concludes that Plaintiff meant to bring this Count under the Civil Rights Act of 1991, rather than § 1981, as Plaintiff has not alleged any facts about discrimination against himself on the basis of race, but has alleged sexual discrimination. *See* [Doc. 4, pp. 2, 5]; *Jackson v. Bd. Of Commissioners of Hous. Auth. Of City of Prichard*, No. CV 17-0149-WS-M, 2017 WL 3597882, at *8 (S.D. Ala. Aug. 21, 2017) (section 1981 only applies to race discrimination, not sex discrimination); 42 U.S.C. § 1981. The Civil Rights Act of 1991 is an amendment to Title VII. *Smith v. City of Jackson, Miss.*, 544 U.S. 228, 240 (2005). Thus, Plaintiff's claims under the Civil Rights Act of 1991 are Title VII claims. That makes Count III a Title VII claim. *Mason v. George*, 24 F. Supp. 3d 1254, 1258, n.1 (M.D. Ga. 2014).

3

the charge." *Burnett v. City of Jacksonville, Fl.*, 376 F. App'x 905, 906 (11th Cir. 2010) (alterations accepted). A plaintiff must file his complaint "within ninety days after the giving of such notice." 42 U.S.C. § 2000e-5(f)(1); *see also Miller v. Harris Ventures, Inc.*, No. 1:19-cv-170, 2019 WL 13493418, at *1 (N.D. Ga. Sept. 17, 2019).

The EEOC issued Plaintiff a Notice of Right to Sue on July 15, 2025. [Doc. 4, p. 2]; [Doc. 4-1]. Plaintiff received the notice the same day via email.[2] [Doc. 4, p. 2]. Therefore, Plaintiff's 90-day filing window started running the next day, July 16, 2025. Plaintiff filed this action on October 15, 2025, and alleges that it "was filed within 90 days of receipt of [the notice of the right to sue]." [Doc. 4, p. 2]. However, 90 days from July 15, 2025, is October 13, 2025.[3] Even giving Plaintiff an extra day since it was impossible for him to file on October 13, 2025, due to a federal holiday, Plaintiff still missed the filing deadline by one day. "The ninety-day window is strict and equitable relief is granted sparingly. Courts have determined that filing suit 91 days after receipt of the notice of right to sue is time-barred." *Nascimben v. Feld Entertainment, Inc.*, No. 8:24-cv-98-WFJ-

---

[2] Even if Plaintiff had not been so candid in his Amended Complaint about when he received the notice of the right to sue, July 15 would still serve as the starting point for Plaintiff's 90-day filing window. "Decades of precedent" have rejected the rule that an email is not considered received until it is actually viewed. *Goodwin v. Strickland Paper Company, Inc.*, No. 2:22-cv-01486-AMM, 2025 WL 756022, at *6 (N.D. Ala. Mar. 10, 2025), *appeal dismissed*, No. 25-11127-AA, 2025 WL 2823594 (11th Cir. July 26, 2025). Indeed, the Eleventh Circuit has expressed concern about providing a "manipulable open-ended time extension which could render the statutory minimum meaningless." *Kerr v. McDonald's Corp.*, 427 F.3d 947, 952 (11th Cir. 2005) (internal citations omitted).

[3] The Court presumes that Plaintiff merely counted three months from July 15 to determine his filing deadline, forgetting that some months contain 31 days, not 30.

SPF, 2024 WL 3673706, at *3 (M.D. Fla. Aug. 6, 2024) (citing *Norris v. Fla. Dep't of Health & Rehab. Servs.*, 730 F.2d 682 (11th Cir. 1984)). The Court recognizes that Plaintiff filed pro se, and barely missed the filing deadline. "Even so, 'this ninety-day-filing requirement applies to *pro se* plaintiffs.'" *Miller v. Harris Ventures, Inc.*, No. 1:19-cv-170, 2019 WL 13493418, at *1 (N.D. Ga. Sept. 17, 2019) (alterations accepted) (quoting *Canady v. Automatic Data Processing Inc.*, No. 1:05-cv-2855, 2006 WL 3422424, at *9 (N.D. Ga. 28, 2006)). Counts I, II, and III[4] are time-barred and therefore fail to state a claim upon which relief may be granted.

### 2. Plaintiff's 42 U.S.C. § 1985 Claim: Count IV

Plaintiff's § 1985 claim—Count IV—must also be dismissed. Section 1985 allows a plaintiff to bring a cause of action against "persons who conspire to interfere with civil rights." *Thames v. City of Pensacola*, No. 303cv586/RV/MD, 2005 WL 1876175, at *11 (N.D. Fla. Aug. 1, 2005) (citing 42 U.S.C. § 1985(3)). However, the Supreme Court of the United States has held that "deprivation of a right created by Title VII cannot be the basis for a cause of action under § 1985(3)." *Great American Federal Savings & Loan Ass'n v. Novotny*, 442 U.S. 366, 378 (1979). Otherwise, plaintiffs could bypass the requirements of Title VII, undermining its effectiveness. *Id.* at 375–76.

---

[4] Even if Count III were not construed as a Title VII claim, it still must be dismissed because Plaintiff failed to allege any facts of racial discrimination. *See supra* note 1.

Here, it is difficult to tell exactly what Plaintiff alleges to support his § 1985 claim since Plaintiff included "Civil Right [sic] Conspiracy" after 34 of the 48 paragraphs in his facts section. [Doc. 4, pp. 2–9]. In those 34 paragraphs, Plaintiff did not list "Civil Right [sic] Conspiracy" without also listing "Title VII[.]" *see* [*Id.*]. Furthermore, Plaintiff's allegations in Count IV read like a retaliation claim under Title VII. [*Id.* at p. 9 ("property manager and HR/owner coordinated acts to try to silence, discredit, and punish the Plaintiff *after engaging in protected activity*.") (emphasis added)]. Therefore, the Court concludes that Plaintiff's § 1985 claim is really an allegation of a deprivation of a right created by Title VII. Since such an action is improper under *Great American Federal Savings*, it must be dismissed as frivolous. 442 U.S. at 378. Alternatively, if the Court were to construe Count IV as a retaliation claim under Title VII, it would be untimely like the other Title VII claims and dismissed for failure to state a claim.

### 3.  Plaintiff's OSHA Claims: Counts V, VI

Plaintiff is attempting to sue under OSHA in Counts V and VI. However, there is no private right of action under OSHA. *Brown v. McMillon*, No. 24-13169, 2025 WL 2374197, at *4 (11th Cir. Aug. 15, 2025). Therefore, Plaintiff's OSHA claims must be dismissed as frivolous.

### 4.  Plaintiff's FLSA Claim: Count VII

Plaintiff brings a claim under the FLSA in Count VII. Sections 206 and 207 of the FLSA create "causes of action for failure to pay minimum wage and overtime

6

compensation." *McDowell v. Greener Image, Inc.*, No. 06-80636-CIV, 2006 WL 8433380, at *4 (S.D. Fla. Sept. 28, 2006); 29 U.S.C. §§ 206–07. Section 215(a)(3) creates a "cause of action for an employer's retaliation against an employee." *McDowell*, 2006 WL 8433380 at *4; 29 U.S.C. § 215(a)(3). Plaintiff brings his claim here under § 215(a)(3). [Doc. 4, p. 10]. To bring a claim under the FLSA, a plaintiff must show: (1) he engaged in a protected activity under the act, (2) suffered adverse action by the employer, and (3) causation. *Wolf v. Coca-Cola Co.*, 200 F.3d 1337, 1342–1343 (11th Cir. 2000).

Protected activity under FLSA "includes filing a complaint alleging FLSA violations, instituting a FLSA proceeding, or providing (about to provide) testimony in a FLSA proceeding." *Perez v. Brands Mart Serv. Corp.*, No. 10-61203, 2011 WL 3236022, at *8 (S.D. Fla. July 28, 2011). Here, Plaintiff alleges that his hours were cut by 10 hours per pay period after he told a part-owner of Mulberry properties "about sexual harassment and discrimination from [his supervisor]." [Doc. 4, pp. 2–3, 10]. Plaintiff's actions are not protected activity under the FLSA. Therefore, Count VII of Plaintiff's complaint must be dismissed for failure to state a claim.

    5.    **Plaintiff's FHA Claim: Count VIII**

Finally, Plaintiff brings a claim under the FHA. [Doc. 4, p. 10]; 42. U.S.C. §§ 3601 *et seq*. The FHA creates a "private right of action [for] any person who is injured by an unlawful discriminatory housing practice." *Noah v. Assor*, 379 F. Supp. 3d 1284, 1288 (S.D. Fla. 2019). Here, Plaintiff cites §§3604–06, and states that the Defendants violated

the FHA "by failing to ensure that property managers continued taking required fair housing compliance and anti-discrimination training." [Doc. 4, p. 10]. However, this is not a cognizable claim under the FHA. "[T]o prevail on a claim under the FHA, a plaintiff must demonstrate unequal treatment on the basis of race that affects the availability of housing." *Hallmark Developers, Inc. v. Fulton Cty., Ga.*, 466 F.3d 1276, 1283 (11th Cir. 2006) (internal quotations omitted). Plaintiff's claim does not meet this standard. Instead, Plaintiff has alleged failure to train, which is not in the FHA. *See* §§ 3601–19; *Eagle v. Viewpoint Invs. LLC*, No. 1:20-cv-236-RH-GRJ, 2022 WL 22227628, at *4 (N.D. Fla. Mar. 11, 2022). Furthermore, there is no evidence that Plaintiff filed a complaint with the Secretary of Housing and Urban Development before filing in this Court, which is required under the FHA. *Irizarry v. Palm Springs Gen. Hosp.*, 657 F. Supp. 739, 741 (S.D. Fla. 1986). Count VIII does not survive frivolity review, and must be dismissed for failure to state a claim.

**6.   Conclusion**

Upon review of Plaintiff's Amended Complaint [Doc. 4] according to 28 U.S.C. § 1915(e), the Court **DISMISSES** all of Plaintiff's claims as frivolous and for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B); [Doc. 4].

**SO ORDERED**, this 29th day of October, 2025.

S/ Tilman E. Self, III
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**
